Case 1:24-cv-00938-ER    Document 43    Filed 06/07/24    Page 1 of 3


I hereby certify that this instrument is a true and correct copy of the original on file in my office.
Attest: Sandy Opacich, Clerk
U.S. District Court
Northern District of Ohio

By: *Corey McCardle*
Deputy Clerk

## UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: PASSENGER VEHICLE REPLACEMENT
TIRES ANTITRUST LITIGATION                                        MDL No. 3107

## TRANSFER ORDER

**Before the Panel**:[*] Plaintiff in one Southern District of New York action moves under 28 U.S.C. § 1407 to centralize this antitrust litigation involving the pricing of new replacement tires in the Southern District of New York. This litigation consists of fourteen actions pending in three districts, as listed on Schedule A. In addition, the parties have informed the Panel of 21 related actions pending in five districts.[1]

All responding parties support centralization but differ as to the proposed transferee forum. Seven defendants[2] support centralization in the Southern District of New York and, alternatively, the Northern District of Ohio. Defendant Pirelli Tire LLC supports centralization in the Northern District of Ohio. Plaintiffs in eight Southern District of New York actions support centralization in that district. Plaintiffs in thirteen actions and potential tag-along actions suggest centralization in the Northern District of Ohio, in the first instance or in the alternative. Plaintiffs in three of these actions alternatively do not oppose the Southern District of New York as transferee district, and plaintiffs in two actions alternatively support the District of South Carolina. Plaintiffs in four potential tag-along actions suggest centralization in the Eastern District of Michigan. Plaintiffs in five actions and potential tag-along actions suggest centralization in the District of South Carolina.

On the basis of the papers filed and the hearing session held, we find that the actions listed on Schedule A involve common questions of fact, and that centralization in the Northern District of Ohio will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share factual questions arising from an alleged price-fixing conspiracy among manufacturers of new replacement tires for passenger cars, vans, trucks,

---

[*] One or more Panel members who could be members of the putative classes in this litigation have renounced their participation in these classes and have participated in this decision.

[1] These and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1, and 7.2.

[2] Bridgestone Americas, Inc.; Continental Tire the Americas, LLC; GITI Tire (USA) Limited; The Goodyear Tires & Rubber Company (Goodyear); Kumho Tire U.S.A., Inc.; Michelin North America, Inc.; and Nokian Tyres U.S. Operations LLC.

- 2 -

and buses, which are selected and purchased by consumers, rather than included as part of a new vehicle purchase. All actions propose overlapping putative classes of direct and indirect purchasers of new replacement tires. Centralization will eliminate duplicative discovery, which will be international in scope; prevent inconsistent pretrial rulings, particularly as to class certification; and conserve the resources of the parties, their counsel, and the judiciary.

The Northern District of Ohio is an appropriate transferee district for this litigation. Numerous plaintiffs and all responding defendants support or do not oppose centralization in this district, which is easily accessible and relatively centrally located to the pending actions. Defendant Goodyear is headquartered in this district, and other defendants have operations there. The Honorable Sara Lioi has not yet had an opportunity to oversee a multidistrict litigation docket, and we are confident she will steer this litigation on a prudent and expeditious course.

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the Northern District of Ohio are transferred to the Northern District of Ohio and, with the consent of that court, assigned to the Honorable Sara Lioi for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

| | |
|---|---|
| Nathaniel M. Gorton | Matthew F. Kennelly |
| David C. Norton | Roger T. Benitez |
| Dale A. Kimball | Madeline Cox Arleo |

**IN RE: PASSENGER VEHICLE REPLACEMENT**
**TIRES ANTITRUST LITIGATION**                              MDL No. 3107

## SCHEDULE A

<ins>Southern District of New York</ins>

SAMPAYAN v. CONTINENTAL AKTIENGESELLSCHAFT, ET AL.,
    C.A. No. 1:24−00881
PURCELL, ET AL. v. CONTINENTAL AKTIENGESELLSCHAFT, ET AL.,
    C.A. No. 1:24−00938
ISLAMI v. CONTINENTAL AKTIENGESELLSCHAFT, ET AL.,
    C.A. No. 1:24−00967
WILKERSON FARMS ET, LLC v. CONTINENTAL AKTIENGESELLSCHAFT,
    ET AL., C.A. No. 1:24−00970
ALFORD v. BRIDGESTONE CORPORATION, ET AL., C.A. No. 1:24−01038
EDWARDS v. CONTINENTAL AKTIENGESELLSCHAFT, ET AL.,
    C.A. No. 1:24−01092
TORRES v. CONTINENTAL AKTIENGESELLSCHAFT, ET AL.,
    C.A. No. 1:24−01124
NOVAK v. CONTINENTAL AKTIENGESELLSCHAFT, ET AL.,
    C.A. No. 1:24−01202
DAVIDOV, ET AL. v. CONTINENTAL AKTIENGESELLSCHAFT, ET AL.,
    C.A. No. 1:24−01367
CURRAN, ET AL. v. THE GOODYEAR TIRE & RUBBER COMPANY, ET AL.,
    C.A. No. 1:24−01419
SPADAFINO v. CONTINENTAL AKTIENGESELLSCHAFT, ET AL.,
    C.A. No. 1:24−01452

<ins>Northern District of Ohio</ins>

BENGEL v. CONTINENTAL AKTIENGESELLSCHAFT, ET AL.,
    C.A. No. 5:24−00363

<ins>District of South Carolina</ins>
LINK v. CONTINENTAL AKTIENGESELLSCHAFT, ET AL., C.A. No. 6:24−00913
VALENZANO v. CONTINENTAL AKTIENGESELLSCHAFT, ET AL.,
    C.A. No. 6:24−00948